In the Matter of the CITY OF ROCHESTER, Appellant, Relative To Acquiring Title to Property for an Urban Renewal Project in the Front Street Area Known as GENESEE CROSSROADS. PAUL WOLK et al., Respondents.— Judgment unanimously affirmed, with costs. Memorandum: Since the findings of the trial court are insufficient in that they fail to state the method used in arriving at a valuation, we have re-evaluated the evidence and made additional findings in order to avoid a remand of the case. (*Matter of City of Rochester* [*State St. Holding Corp.*], 32 A D 2d 731.) Upon the trial the appraiser called by the owners testified that the improvement, which was more than 100 years old, added no value to the property. We have accepted this concession and, in view of the agreement by both experts that the market data approach is the best method for determining value in this case, have employed that method in finding a value for the land. Sales presented by the owners' appraiser, adjusted to take into account differences from the subject property, indicate a basic square foot value of $40.50, to which we have added an allowance for corner influence of 30%, the allowance used by the city's appraiser. The value of $52.65 per square foot thus arrived at, multiplied by the area taken of 2,222 square feet, yields a total value of $116,988 (say $117,000), the value fixed by the trial court. (Appeal from judgment of Monroe Trial Term, in condemnation proceeding.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.

In the Matter of CHARLOTTE B. WILLIAMS, Respondent, v. LAWRENCE F. READ, as Superintendent of Utica Schools, Appellant.— Judgment, insofar as appealed from unanimously affirmed, with costs. Memorandum: Appeal is taken from so much of the judgment which directs that petitioner is entitled to receive payment for 140 days sick leave benefits. While Special Term's denial of petitioner's application for judgment annulling respondent's refusal to grant sick leave benefits may have been properly predicated on petitioner's unsupported requests made on August 26 and October 14, 1966, the record reveals the existence of ample proof that petitioner was physically unable to perform her duties, as evidenced by medical certifications made on July 28, August 7 and August 28, 1967. Benefits, based on these certifications, were erroneously denied by respondent. Paragraph " 1 " of the answer admits petitioner was denied benefits, which she had sought, based on the certifications in July and August, 1967, and that part of the determination in the judgment appealed from, was properly made. (Appeal from certain parts of judgment of Oneida Trial Term directing payment of benefits.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ. ®